## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
FILED

APR 0 1 2026

**KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET,**

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

Plaintiff,

CIVIL NO. **1 :26 CV 0 0 7 7 8**

v.

HON. **JUDGE OLIVER**

**UNITED STATES OF AMERICA,**

MAG. JUDGE **MAG. JUDGE SHEPERD**

Defendant.

---

## COMPLAINT

---

The Plaintiff, KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET, by and through its undersigned counsel, hereby files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

### FACTUAL BACKGROUND

1.      The Plaintiff is a retail food store in Cleveland, Ohio, named KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET (hereinafter "Krupa"). The store is dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2.      Located in Cleveland, Ohio, Krupa serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3.      Accordingly, Krupa began accepting Electronic Benefit Transfers (or "EBT") to serve the local community better and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a

Page 1 of 9

substantial portion of the store's gross revenue on EBT alone.  In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue as they conduct significant non-SNAP transactions as well for ineligible items.

4.     On August 12, 2026, the USDA, through the FNS, issued a Charge Letter to the Plaintiff wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiff from the program.

5.     The Plaintiff defended against the proposed disqualification, noting that the store utilizes a computerized point of sale system which automatically sorts SNAP eligible from ineligible items, and that the store had taken more than reasonable measures to prevent SNAP violations.  If a violation occurred, it was both accidental and a result of a latent defect in the system's programming rather than an employee, managerial, or ownership oversight.

6.     Accordingly, on September 10, 2025, the Plaintiff timely filed for an Administrative Review of the Department's decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiff took issue not only with the evidence that any violations of SNAP retailer policies had occurred but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees.

7.     The Administrative Review Division of the USDA responded to the Plaintiff's appeal in a letter and opinion dated March 5, 2026, which was received on March 6, 2026.  The USDA's Final Agency Decision is attached as Exhibit "A." The Plaintiff's administrative appeal was denied.

8.     This Judicial Appeal has been filed timely and seeks the reversal of the USDA's

current decision to disqualify the Plaintiff for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

9.      The Plaintiff brings this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10.      This Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11.      Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Cleveland, Cuyahoga County, Ohio and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Northern District of Ohio-Eastern Division.

## PARTIES

12.      The Plaintiff, KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET operates at 3114 Clark Ave., Cleveland, OH 44109-1146. KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET, is referred to herein as "Krupa" and as "Plaintiff".

13.      The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

14.      The Supplemental Nutrition Assistance Program (SNAP) is a government program

operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

15. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

16. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as Krupa.

### SNAP VIOLATION REGULATIONS AND POLICIES

17. SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are. In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

18. The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

19. In this instant action, the Defendant has alleged that the Plaintiff committed transactions that amount to the selling of ineligible common non-food item (also referred to as "minor ineligible items") in an EBT transaction. Such allegations were based upon unsworn statements of an unidentified investigator.

20. In all, the Charge Letter claims that the Plaintiff allegedly sold one ineligible item to the Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture.

21. Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

22. The store, in fact, did oversee its employees and provide SNAP training. At no time was the store owner or manager neglectful or careless in the operation of the store.

23. As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

## ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES

24. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty. As noted by the District of Oregon in *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

25. Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

26. The Plaintiff incorporates and restates each and every paragraph set forth above as though fully set forth herein.

27. The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, have the right to and hereby do, request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiff.

28. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiff had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

29. The store denies that the transactions occurred as described by the Agency.

30. Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

31. The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

32. Even if the transaction had occurred as described by the Defendant, it was in no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

33. Both the finding of a sale of an ineligible item and that such sale was the result of

managerial or ownership neglect or carelessness were erroneous and warrant reversal.

34.     Furthermore, the Plaintiff has never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

35.     As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

36.     Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiff's status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiff, KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney's fees and costs incurred in this action.

<u>**COUNT II: ARBITRARY AND CAPRICIOUS SANCTION**</u>

37.     The Plaintiff hereby incorporates and restates paragraphs 1 through 25 above as though more fully set forth herein.

38.     The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

39.     The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator

or a confidential informant.

40. In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

41. As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiff, KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET, respectfully request this Court set aside the Defendant's suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff attorney's fees and costs incurred in this action.

## COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY

42. The Plaintiff hereby incorporates and restates paragraphs 1 through 25 above as if more fully set forth herein.

43. The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of Krupa ability to accept EBT.

44. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

45. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

46.    As such, the Plaintiff request this Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiff, KRUPA ONE, INC., an Ohio Corporation d/b/a TONY'S MARKET, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiff attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorneys and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: March 30, 2026                          Respectfully submitted,

                                              **METROPOLITAN LAW GROUP, PLLC**

                                              */s/ Andrew Z. Tapp*
                                              ANDREW Z. TAPP, ESQ.
                                              Florida Bar No.: 68002
                                              *Pro Hac Vice*[1]
                                              1971 W. Lumsden Road, #326
                                              Brandon, Florida 33511-8820
                                              Telephone: (813) 228-0658
                                              Facsimile: (813) 330-3129
                                              Email: Andrew@Metropolitan.Law
                                                       LaJeana@Metropolitan.Law

                                              **COUNSEL FOR PLAINTIFF**

---

[1] Application for Pro Hac Vice to be filed promptly.

## Exhibit A



**USDA** Food and Nutrition Service
U.S. DEPARTMENT OF AGRICULTURE

Supplemental
Nutrition
Assistance
Program

Retailer Policy
Division

Administrative &
Judicial Review
Branch

MaryKate.
Karagiorgos
@usda.gov

March 5, 2026

Erin Heyman, Attorney
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, FL 33511-8820

Re:         Chetankumar Mahendrabhai Patel, Owner
            Tony's Market
            3114 Clark Ave.
            Cleveland, OH 44109-1146

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food
and Nutrition Service (FNS) in response to your request for administrative review, dated
September 10, 2025. Also included is a statement regarding relevant rights to a judicial
review.

It is the decision of the USDA that there is sufficient evidence to support a finding that a six-
month disqualification from participation as an authorized retailer in the Supplemental
Nutrition Assistance Program (SNAP) was properly imposed against Tony's Market by the
FNS Office of Retailer Operations and Compliance.

In accordance with the Food and Nutrition Act of 2008, as amended, and SNAP regulations,
the disqualification penalty shall become effective 30 days after receipt of this letter. A new
application for SNAP participation may not be submitted until ten days prior to the expiration
of the six-month disqualification period

Sincerely,

Mary Kate Karagiorgos
Administrative Review Officer

Enclosure – Final Agency Decision

cc:    Appellant

Food and Nutrition Service, Braddock Metro Center, 1320 Braddock Place, Alexandria, VA 22314
USDA is an equal opportunity provider, employer, and lender.

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

**Tony's Market,**

**Appellant,**

**v.**                                                    **Case Number: C0301619**

**Office of Retailer Operations and**
**Compliance,**

**Respondent.**

## FINAL AGENCY DECISION

It is the decision of the United Stated Department of Agriculture (USDA), Food and Nutrition Service (FNS) that there is sufficient evidence to support a finding that the six-month disqualification of Tony's Market (Appellant) from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP), as initially imposed by the Office of Retailer Operations and Compliance, was appropriate.

## ISSUE

The issue accepted for review is whether the Office of Retailer Operations and Compliance took appropriate action, consistent with 7 CFR § 278.6(a) and 7 CFR § 278.6 (e)(5) in its administration of the SNAP, when it imposed a six-month period of disqualification against Appellant.

## AUTHORITY

7 USC § 2023 and the implementing regulations at 7 CFR § 279.1 provide that "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA conducted an investigation of the compliance of Appellant with federal SNAP law and regulations during the period of May 18, 2025, through June 3, 2025. The investigative report documented that personnel at Appellant accepted SNAP benefits in exchange for ineligible merchandise. As a result of evidence compiled during this investigation, by letter dated August 12, 2025, the Office of Retailer Operations and Compliance charged ownership

with violating the terms and conditions of the SNAP regulations at 7 CFR § 278.2(a) and noted the violations warranted a six-month disqualification period. The letter also stated that under certain conditions, FNS may impose a civil money penalty (CMP) in lieu of a disqualification as allowed by 7 CFR § 278.6(f)(1).

Appellant replied to the charge letter on August 19, 2025, and September 2, 2025, and explained that it had taken corrective action. After considering the retailer's reply and the evidence, the Office of Retailer Operations and Compliance notified Appellant in a letter dated September 5, 2025, that the violations cited in the charge letter occurred at the firm and that a six-month period of disqualification was warranted according to 7 CFR § 278.6(e)(5). The letter also stated that eligibility for a hardship CMP was not applicable as there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices.

By letter dated September 10, 2025, Appellant, through counsel, requested an administrative review of the Office of Retailer Operations and Compliance's determination. The appeal was granted and implementation of the six-month disqualification has been held in abeyance pending completion of this review. By email dated August 29, 2025, counsel was provided with the name of the Administrative Review Officer assigned to the case as well as a due date to provide any additional information or arguments in support of the request for administrative review. Counsel submitted a brief in support of its administrative review request on October 20, 2025, and resubmitted this brief on December 23, 2025.

## STANDARD OF REVIEW

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 USC § 2021 and § 278 of Title 7 of the Code of Federal Regulations (CFR). Sections 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

7 CFR § 278.2(a) states, in part:

> [SNAP benefits] may be accepted by an authorized food store only from eligible households... and only in exchange for eligible food.

7 CFR § 271.2 states in part:

> Eligible foods means: Any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot food and hot food products prepared for immediate consumption..

2

7 CFR § 278.6(a) states, in part:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part.  Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through **on-site investigations**, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . . (emphasis added)

7 CFR § 278.6(e) states in part:

> FNS shall take action as follows against any firm determined to have violated the Act or regulations...
>
> (5) Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(f)(1) states, in part:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm...is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

## APPELLANT'S CONTENTIONS

Appellant, through counsel, made the following summarized contentions in its September 10, 2025, administrative review request, and additional information sent by email on December 22, 2025, in relevant part:

- The allegation does not warrant a disqualification.
- To the extent that the violations were de minimus, or at least not significant, and the scope of such violations reasonably appears limited, the plain language would indicate that a sanction may not be appropriate.
- There was one violation out of four visits.
- A single transaction does not mee the minimum for a six-month disqualification.
- There is no evidence demonstrating that the store's ownership or management was careless or exercised poor oversight of the store or its employees.
- FNS should consider the factors listed in 7 CFR § 278.6(d) before imposing a sanction: the nature and scope of the violations; whether the firm was warned violations were occurring; and any evidence of intent to violate the regulations.
- A warning letter is an appropriate first step in insuring compliance before the imposition of a serious sanction.
- The case law, both from ARB as well as the district and circuit courts, indicates that simply counting the number of violations over the total number of visits is not enough to warrant a six-month disqualification.
- Appellant requests that no further action be taken on this case, a warning letter, or that a CMP be issued.

The preceding may represent only a brief summary of the Appellant's contentions presented in this matter.  However, in reaching a decision, full attention and consideration has been given to all contentions presented, including any not specifically recapitulated or specifically referenced.

3

## ANALYSIS AND FINDINGS

This review is to either validate or to invalidate the determination made by the Office of Retailer Operations and Compliance. It is limited to the facts at the basis of the Office of Retailer Operations and Compliance's determination at the time it was made. The investigative report documents that the charges of violations are based on the findings of a formal USDA investigation. A complete review of this documentation has yielded no error or discrepancy. The investigation report is specific and thorough regarding the dates of the violations, the specific facts related thereto, and is supported by documentation that confirms specific details of the transactions. The documentation presented by the Office of Retailer Operations and Compliance provides through a preponderance of the evidence that the violations as reported occurred at the Appellant firm.

**Not Carelessness or Poor Supervision**

7 CFR § 278.6(e)(5) states, as noted above, that FNS shall disqualify a firm for six months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common non-food items due to carelessness or poor supervision by the firm's ownership or management. Counsel argues that the transactions were not the result of carelessness or poor supervision and there is no evidence of such.

Section 12 (b)(1) of the Food and Nutrition Act, as amended, states that firms can be disqualified for a reasonable period of time not to exceed five years upon the first occasion of disqualification. Furthermore, 7 CFR § 278.6(a) states that FNS may disqualify any authorized retail food store if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or the regulations. Both the law and the regulations specify that SNAP benefits shall be used to purchase food only.

The regulations at 7 CFR § 278.6(e) describe the different penalties depending on the circumstances of the violation. The penalties for the sale of nonfood items vary depending on whether the sale of nonfood items was: "expensive or conspicuous" (which results in a three-year disqualification); "the firm's practice" and the firm was previously warned (five-year disqualification); committed by "the ownership or management personnel" (a one-year disqualification); or "common nonfood items due to carelessness or poor supervision" (six-month disqualification). The phrase "common nonfood items due to carelessness or poor supervision" is used to differentiate the minimum penalty from other penalties such as those described in 7 CFR § 278.6(e)(2) pertaining to the sale of expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages or violations committed by ownership or management. The investigative report indicated that Appellant sold an ineligible item during one of the store visits. Since this is the firm's first sanction, the imposition of a six-month disqualification, the least severe penalty allowed by regulation, is appropriate.

Counsel contends that the regulation suggests that prior knowledge of potential violative problems is a foundational consideration prior to the issuance of disqualification. The regulations do allow for a more severe penalty when a firm has been previously warned; however, a warning is not required prior to imposing a six-month period of disqualification.

4

**Minimal Value**

Regarding Appellant's claim that the dollar amounts of the ineligible items are insignificant, there is no minimum dollar amount necessary when determining whether a firm has violated SNAP regulations. If the items sold are not eligible to be purchased with SNAP benefits, then a violation has occurred. The price of the product or the amount of SNAP benefits transacted during an investigation is irrelevant. That the dollar amounts are small does not provide a basis for eliminating the required sanction.

**Case Law and Precedent**

Regarding the contentions related to another administrative review and case law, this administrative review decision is based on the specific circumstances of this case as documented by materials provided by Appellant and the Office of Retailer Operations and Compliance. In addition, this administrative review decision does not establish policy or supersede federal law or regulations. According to the facts of this case, the firm sold an ineligible item in exchange for SNAP benefits and therefore a six-month disqualification can be imposed.

**Civil Money Penalty**

7 CFR § 278.6(f)(1) reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would case hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The Office of Retailer Operations and Compliance determined that there are three other comparable or larger authorized stores located within a one-mile radius of Appellant. Thus, in its letter dated September 5, 2025, the Office of Retailer Operations and Compliance determined that a hardship CMP would not be appropriate, Some degree of inconvenience to SNAP customers is inherent whenever any SNAP authorized retailer is disqualified. For example, the normal shopping pattern of SNAP customers may be temporarily altered during the period of disqualification. Nevertheless, the determination of the Office of Retailer Operations and Compliance that the six-month disqualification of Appellant from the SNAP would not create a hardship to customers, as differentiated from potential inconvenience, is sustained and a civil money penalty in lieu of disqualification is not appropriate in this case.

CONCLUSION

The Office of Retailer Operations and Compliance's determination to impose a six-month disqualification against Tony's Market from participating as an authorized retailer in SNAP is sustained in accordance with 7 CFR § 278.6(a) and (e)(5). The disqualification penalty shall become effective 30 days after receipt of this decision. A new application for SNAP authorization may be submitted ten days prior to the expiration of the six-month disqualification period.

5

**RIGHTS AND REMEDIES**

Applicable rights to a judicial review of this decision are set forth in 7 USC § 2023 and 7CFR § 279.7. If a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant's owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If a complaint is filed, it must be filed within 30 days of delivery of this decision. The judicial filing timeframe is mandated by the Act, and this office cannot grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

MARY KATE KARAGIORGOS                         March 5, 2026
Administrative Review Officer

6

# LaJeana Deane

| | |
|---|---|
| **From:** | SM.FN.SNAP-ARB <SM.fn.SNAP-ARB@usda.gov> |
| **Sent:** | Friday, March 6, 2026 2:57 PM |
| **To:** | Metropolitan Service |
| **Cc:** | patelchetan22@yahoo.com |
| **Subject:** | Tony s Market_C0301619_Final Agency Decision |
| **Attachments:** | Tony s Market_C0301619_SustDecNo14_03052026_mkk.pdf |
| **Importance:** | High |

Hello,

USDA has completed its administrative review of your case. Please see the attached Final Agency Decision (FAD) for full details. For our records and for potential judicial review purposes, an e-mail delivery receipt feature is being used to confirm your receipt of the FAD. If the adverse action against your store has been sustained, the 30-day clock for filing a request for a judicial review will begin on the day the FAD has been delivered to your e-mail mailbox.

Administrative and Judicial Review Branch
Retailer Policy Division
Supplemental Nutrition Assistance Program

USDA

U.S. DEPARTMENT OF AGRICULTURE
Food and Nutrition Service
1320 Braddock Place
Alexandria, VA 22314
SM.FN.SNAP-ARB@usda.gov

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

1